F. #2011R01359

**14 MISC 023**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :      SEALED APPLICATION
FOR AN ORDER AUTHORIZING THE             :      Misc. _____
USE OF A PEN REGISTER AND A              :
TRAP AND TRACE DEVICE                    :
- - - - - - - - - - - - - - - - - - - - - x

Anthony M. Capozzolo, an Assistant United States Attorney

for the Eastern District of New York, hereby applies to the Court

for an Order pursuant to 18 U.S.C. §§ 3122 and 3123, authorizing for

a period of 60 days the installation and use of a pen register and

a trap and trace device on (832) 421-2819, a telephone issued by AT&T

Mobility (the "service provider") with IMEI number 013054000018368,

subscribed to by Diana Durand of 8815 Wheatland Drive, Houston, Texas

77064 (the "SUBJECT TELEPHONE").

In support of this application I state the following:

1.    I am an Assistant United States Attorney in the Office

of Loretta E. Lynch, United States Attorney for the Eastern District

of New York.  As such, I am an "attorney for the Government" as

defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure,

and therefore, pursuant to 18 U.S.C. § 3122, may apply for an Order

authorizing the installation and use of pen registers and trap and

trace devices.

2.    The Court has authority to order the installation and use of a pen register or a trap and trace device anywhere in the United States if the Court finds that the attorney for the government has certified to the Court that the information likely to be obtained is relevant to an ongoing criminal investigation.   18 U.S.C. §§ 3122 and 3123.   As the United States Court of Appeals for the Second Circuit has explained, an application for a pen register or trap and trace device

> need only identify the applicant and the investigating law enforcement agency and certify that "the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b)(2).   The provision was not intended to require independent judicial review of relevance; rather, the reviewing court need only verify the completeness of the certification.

In re United States, 10 F.3d 931, 935 (2d Cir. 1993) (emphasis added); accord In re Applications, 515 F. Supp. 2d 325, 329 (E.D.N.Y. 2007) (explaining "minimal requirement" of Section 3122(b)).

3.    Based on information provided to me by special agents of the Federal Bureau of Investigation (the "investigative agency"), I hereby certify that the investigative agency is conducting an ongoing criminal investigation into possible violations of federal criminal laws, including violations of the federal election laws, specifically violations of 2 U.S.C. § 441a(a)(1)(A) and 441f, by

Diana Durand, Michael Grimm, also known as "Michael Garibaldi" and others, and violations of 18 U.S.C. § 1001(a)(2) by Durand, and that the information likely to be obtained from a pen register and trap and trace device on the SUBJECT TELEPHONE is relevant to that investigation.

4.    On August 3, 2012, the Honorable Roanne L. Mann, United States Magistrate Judge, issued an order authorizing the use of a pen register and a trap and trace device on the SUBJECT TELEPHONE for a period of 60 days (see Misc. 12-517).  On October 3, 2012, the Honorable Ramon E. Reyes, United States Magistrate Judge, issued an order reauthorizing the use of a pen register and a trap and trace device on the SUBJECT TELEPHONE for a period of 60 days (see Misc. 12-517).  On November 29, 2012, the Honorable Joan M. Azrack, United States Magistrate Judge, issued an order reauthorizing the use of a pen register and a trap and trace device on the SUBJECT TELEPHONE for a period of 60 days (see Misc. 12-517).  A special agent of the investigative agency has advised me that information obtained pursuant to the previous Orders furthered the investigation by helping to establish the association between Durand and Grimm.

5.    Furthermore, on August 20, 2013, United States Magistrate Judge Vera M. Scanlon signed a sealed warrant authorizing the arrest of Durand for violations of 2 U.S.C. § 441a(a)(1)(A), 441f and 18 U.S.C. § 1001(a)(2).  See United States v. Diana Durand, M-13-724 (E.D.N.Y).   Evidence derived from an order authorizing the use of a pen register and a trap and trace device on the SUBJECT TELEPHONE will also assist in the execution of the above-mentioned arrest warrant and assist in locating the SUBJECT TELEPHONE.

6.    Based upon the above certification, the government requests that the Court issue an Order that provides:

a.    Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for the installation and use of a pen register to record or decode dialing, routing, addressing, or signaling information — excluding the decoding of post-cut-through dialed digits ("PCTDD")[1] — transmitted from the SUBJECT TELEPHONE, to record the date and time

---

[1]    PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'"  In re Application, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008).   Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency.   If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through.  Thus no PCTDD will be decoded or accessed by anyone.  See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

of such dialings or transmissions, and to record the length of time the telephone receiver in question is "off the hook" for incoming or outgoing calls for a period of 60 days.

        b.     Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for installation and use of a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating numbers or other dialing, routing, addressing, or signaling information reasonably likely to identify the sources of wire or electronic communications and to record the date, time and duration of calls created by such incoming impulses, for a period of 60 days, and that the tracing operations be without geographical limits.

        c.     Pursuant to 18 U.S.C. § 3123(b)(1)(C), authorization for the requested installation and use of a pen register and a trap and trace device to include the use of such a pen register and a trap and trace device on any changed telephone number assigned to an instrument bearing the same IMEI as the SUBJECT TELEPHONE, or any changed IMEI subsequently assigned to the same telephone number as the SUBJECT TELEPHONES, or any additional changed telephone number and/or IMEI, whether the changes occur consecutively or simultaneously, listed to the same subscriber and account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

5

7.    The government further requests that the Court direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to notify special agents of the investigative agency, upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONE, including telephone numbers and subscriber information (published and non-published, and excepting call detail records as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

8.    The government further requests that, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), the Court direct that, upon service of the Order upon them, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order furnish the information, facilities, and technical assistance necessary to accomplish unobtrusively the installation and use of the pen register and trap and trace device with compensation to be paid by the investigative agency for reasonable expenses directly incurred in providing such facilities and assistance.

9.    The government further requests that the Order direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose

assistance is used to facilitate execution of the Order, to furnish
the results of the pen register and trap and trace device
installations to special agents of the investigative agency as soon
as practicable, and on a continuing basis, 24 hours a day for the
duration of the Order.

10.   Finally, pursuant to 18 U.S.C. §§ 3123(d) and
2705(b), the government also requests that the service providers,
and any other person or entity whose assistance is used to facilitate
execution of the Orders be ordered not to disclose to the listed
subscriber of the telephone, or to any other person (a) the existence
of the Order of Authorization; (b) the existence of the Order to
Service Provider; and (c) the existence of the pen register and trap
and trace device to the listed subscriber for the SUBJECT TELEPHONE,
the subscribers of the telephones initiating incoming calls to or
receiving outgoing calls from the SUBJECT TELEPHONE, or to any other
person, unless and until otherwise ordered by the Court.  Any such
disclosure might jeopardize this investigation because it would
alert targets of the investigation described herein to the existence
of this aspect of the investigation, particularly the ability of the
government to learn the identities of the persons whom Durand is
calling with the SUBJECT TELEPHONE and might lead to the concealment
of evidence and/or the flight of any of the targets.

11.  No prior request for the relief set forth herein has

been made except to the extent set forth above.  The foregoing is

affirmed under the penalties of perjury.  See 28 U.S.C. § 1746.

Dated:       Brooklyn, New York
             January 8, 2014

                                    _____
                                    Anthony M. Capozzolo
                                    Assistant United States Attorney
                                    (718) 254-6454

8

F. #2011R00532

UNITED STATES DISTRICT COURT                **14 MISC023**
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION            :
OF THE UNITED STATES OF AMERICA            :    SEALED ORDER
FOR AN ORDER AUTHORIZING THE               :    OF AUTHORIZATION
USE OF A PEN REGISTER AND A                :    Misc. _____
TRAP AND TRACE DEVICE                      :
- - - - - - - - - - - - - - - - - - - - - x

This matter comes before the Court pursuant to an

application by Assistant United States Attorney Anthony M.

Capozzolo, an attorney for the Government as defined by Rule 1(b)(1)

of the Federal Rules of Criminal Procedure and a duly-authorized

representative of a "governmental entity" under 18 U.S.C. § 2703(c)

and (d) requesting an Order pursuant to 18 U.S.C. §§ 3122 and 3123,

authorizing for a period of 60 days the installation and use of a

pen register and a trap and trace device on (832) 421-2819, a

telephone issued by AT&T Mobility (the "service provider") with IMEI

number 013054000018368, subscribed to by Diana Durand of 8815

Wheatland Drive, Houston, Texas 77064 (the "SUBJECT TELEPHONE").

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS

THAT, pursuant to 18 U.S.C. § 3123, Applicant has certified that the

information likely to be obtained by use of a pen register and a trap

and trace device is relevant to an ongoing criminal investigation

being conducted by the Federal Bureau of Investigation (the

"investigative agency") into possible violations of federal criminal

laws, including violations of the federal election laws,

specifically violations of 2 U.S.C. §§ 441a(a)(1)(A) and 441f, by

Diana Durand, Michael Grimm, also known as "Michael Garibaldi" and

others, and violation of 18 U.S.C. § 1001(a)(2) by Durand, and that

the information likely to be obtained from a pen register and a trap

and trace device on the SUBJECT TELEPHONE is relevant to that

investigation.

      IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3123, that

special agents of the investigative agency may install, or cause to

be installed, and use a pen register to record or decode dialing,

routing, addressing, or signaling information transmitted from the

SUBJECT TELEPHONE — excluding the decoding of post-cut-through

dialed digits ("PCTDD")[1] — to record the date and time of such dialings

or transmissions, and to record the length of time the telephone

receiver in question is "off the hook" for incoming or outgoing calls

---

[1]    PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'" In re Application, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008). Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency. If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through. Thus no PCTDD will be decoded or accessed by anyone. See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

for a period 60 days from the date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60 days from the date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED that this authorization for the installation and use of a pen register and a trap and trace device applies not only to the telephone numbers listed above for the SUBJECT TELEPHONE, but also to any changed telephone number assigned to an instrument bearing the same IMEI as the SUBJECT TELEPHONE, or any changed IMEI subsequently assigned to the same telephone number as the SUBJECT TELEPHONE, or any additional changed telephone number and IMEI, whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

4

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order notify special agents of the investigative agency, upon oral or written request, of any and all changes in service regarding the SUBJECT TELEPHONE to include telephone numbers and subscriber information (published and non-published and excepting call detail records as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and

5

trap and trace device installations to special agents of the
investigative agency as soon as practicable, and on a continuing
basis, 24 hours a day for the duration of the Order.

IT IS FURTHER ORDERED that the service provider and any
other person or entity whose assistance is used to facilitate this
Order be compensated by the investigative agency for reasonable
expenses directly incurred in providing such assistance.

Good cause having been shown, IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:      Brooklyn, New York
            January 8, 2014

                                 THE HONORABLE LOIS BLOOM
                                 UNITED STATES MAGISTRATE JUDGE
                                 EASTERN DISTRICT OF NEW YORK

F. #2013R01359

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

 **14 MISC** 

- - - - - - - - - - - - - - - - - - - - - - - x

IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :          SEALED ORDER
FOR AN ORDER AUTHORIZING THE             :          TO SERVICE PROVIDER
USE OF A PEN REGISTER AND                :          Misc. _____
A TRAP AND TRACE DEVICE                  :

- - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the United

States of America, entered an Order pursuant to 18 U.S.C. §§ 3121

et seq., authorizing the use of a pen register and a trap and trace

device for a period of 60 days on (832) 421-2819, a telephone issued

by AT&T Mobility (the "service provider") with IMEI number

013054000018368, subscribed to by Diana Durand of 8815 Wheatland

Drive, Houston, Texas 77064 (the "SUBJECT TELEPHONE"), in connection

with an ongoing criminal investigation;

Now therefore, it is hereby:

1.     ORDERED, pursuant to 18 U.S.C. § 3123, that special

agents of the Federal Bureau of Investigation (the "investigative

agency") may install, or cause to be installed, and use a pen register

to record or decode dialing, routing, addressing, or signaling

information transmitted from the SUBJECT TELEPHONE to record the date

and time of such dialings or transmissions, and to record the length

of time the telephone receiver in question is "off the hook" for

incoming or outgoing calls for a period of 60 days from the date of this Order.

2.   IT IS FURTHER ORDERED that, to the extent possible in light of the service provider's technical capabilities, the service provider shall forward to the investigative agency only those digits dialed before a call is cut-through.  However, to the extent that the service provider is unable to exclude post-cut-through dialed digits, the service provider shall forward all dialed digits to the investigative agency.

3.   IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60 days from the date of this Order, and that the tracing operations be without geographical limits.

4.   IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(b)(1)(C), that this authorization for the installation and use of a pen register and a trap and trace device applies not only to the telephone number listed above for the SUBJECT TELEPHONE, but

also to any changed telephone number assigned to an instrument
bearing the same IMEI as the SUBJECT TELEPHONE, or any changed IMEI
subsequently assigned to the same telephone number as the SUBJECT
TELEPHONE, or any additional changed telephone number and/or IMEI,
whether the changes occur consecutively or simultaneously, listed
to the same subscriber and wireless telephone account number as the
SUBJECT TELEPHONE within the 60-day period authorized by this Order.

　　　　5.　　IT IS FURTHER ORDERED that the service provider and
any other person or entity providing wire or electronic communication
service in the United States whose assistance is used to facilitate
execution of the Order notify special agents of the investigative
agency, upon oral or written request, of any and all changes
(including additions, deletions, and transfers) in service regarding
the SUBJECT TELEPHONE to include telephone numbers and subscriber
information (published and non-published, and excepting call detail
records, as described in 18 U.S.C. § 2703(c)(2)(C)) associated with
these service changes.

　　　　6.　　IT IS FURTHER ORDERED, pursuant to 18 U.S.C.
§ 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon
service of this Order upon it, the service provider and any other
person or entity providing wire or electronic communication service
in the United States whose assistance is used to facilitate execution
of the Order shall furnish special agents of the investigative agency

3

forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

7.   IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

8.   IT IS FURTHER ORDERED that the service provider and any other person or entity that provides technical assistance in executing this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

9.   IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the investigative agency, the service provider and any other person or entity whose assistance is used to execute this Order.

10.   IT IS FURTHER ORDERED, finally, that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction: (a) the existence of the Order of Authorization; (b) the existence of the Order to the Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:      Brooklyn, New York
            January 8, 2014

THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK